**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHAMPAGNE D. MOORE AND ERIC A. TRUSS, 4448 Kobashigawa St. Honolulu, HI 96818  *Plaintiffs,*  v.  DEPARTMENT OF THE ARMY, 101 Army Pentagon Washington, DC 20310-0101  *Defendant.* | Civil Action No. 25-3376 |

**COMPLAINT**
**(Privacy Act, 5 U.S.C. § 552a)**

*Jurisdiction*

1. The Court has jurisdiction under 28 U.S.C. § 1331 and under 5 U.S.C. § 552a(g)(1), which provides for redress in the District Courts based upon violations of the Privacy Act.

*Venue*

2. Venue is proper under 5 U.S.C. § 552a(g)(5) and 28 U.S.C. §1391.

*Parties*

3. Plaintiffs, Champagne D. Moore and Eric A. Truss, are a married couple who are citizens of the United States and reside at the address stated in the caption. Eric A. Truss is a Sergeant First Class (SFC) on active duty with the United States Army and Champagne D. Moore is a Master Sergeant (MSG) in the U.S. Army Reserve.

4. Defendant, the United States Army, is an agency of the United States that

maintains records within the meaning of the Privacy Act.

### *Statute of Limitations*

5. Under the Privacy Act, suit must be brought within two years of the date on which the claim accrues. 5 U.S.C. § 552a(g)(5).

6. "[T]he cause of action does not arise and the statute of limitation does not begin to run until the plaintiff knows or should know of the alleged violation." *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987).

7. Here, Plaintiffs became aware of the disclosures at issue in this case on or about December 11, 2024.

8. The case is thus timely filed.

### *Statutory Framework*

9. As defined in the Privacy Act, "maintain" includes various record keeping functions to which the Act applies: i.e., maintaining, collecting, using, and disseminating. 5 U.S.C. § 552a(a)(3).

10. In turn, this connotes control over and responsibility and accountability for systems of records. 5 U.S.C. § 552a(a)(3).

11. The Department of the Army is required to maintain personnel records on all members of the federally recognized units and organizations of the Army. 10 U.S.C. § 10204.

12. Such records are records within the meaning of the Privacy Act.

13. Such records need not be physically located in the agency for them to be maintained by the agency.

*Statement of the Facts*

14.     SFC Truss is on active duty with the U.S. Army and has been since November of 2006.

15.     MSG Moore joined the U.S. Army in June 2009 and transferred to the U.S. Army Reserve in May 2015.

16.     On September 2, 2024, as detailed in Exhibit 1, Law Enforcement Report – Initial – 00448-2024-MPC208-5D1/5C2D/3M7, Fort Shafter Police were dispatched by Military 911 to the home where Plaintiffs were residing at the time.  The report provided detailed information, including:

- Identifying Plaintiff Truss as the subject of the investigation,
- Identifying Plaintiffs' minor children and Plaintiff Moore as victims,
- Included social security account numbers, Department of Defense Identification numbers, Dates of Birth, and other Personal Identifying Information for Plaintiffs and the minor children they share,
- Identifying the patrol officers who were dispatched, and
- An account of what was reported and scene at the home.

17.     That report also includes the following admonishment:

Information contained in this Report is Law Enforcement Sensitive containing Controlled Unclassified Information (CUI), categories: PRVCY, LEI, INV. Dissemination is controlled by DACID or OPMG based on Army Regulation 190-45 (law Enforcement Reporting, limited to authorized holders, and cannot be further distributed.

The admonishment is repeated on each page of the report.

3

18. Prior to this incident, SFC Truss and Warrant Officer 1 (WO1) Lacie M. Reyes were involved in a civil case in the District Court, El Paso County, CO in which SFC Truss was attempting to set up a parenting plan for the child he shares with WO1 Reyes.

19. WO1 Reyes is the mother of one of SFC Truss's children, but they were never married.

20. On September 24, 2024, WO1 Reyes emailed U.S. Army Captain (CPT) Zoe E. Hall, an officer in the U.S. Army Criminal Investigation Division, requesting:

> "I am reaching out to you as my lawyer asked for evidence or filing of the incident that occurred that day to present in case. Seeing how we only spoke on the phone and I wasn't there, I do not have the details of what transpired therefore all I can say is what was told to me by you. If you could please provide any documentation of his incident in detail I would greatly appreciate it."

WO1 Reyes advised that she was making the request to use the evidence in a custody dispute.

21. In response, CPT Hall stated:

> Unfortunately, I do not have documentation to share with you regarding the incident that occurred on 1 SEP 24. **I called the MPs and asked who you can contact to receive information. The first two POCs should be able to give you more information specifically regarding the incident.** But please note, since the investigation is still on-going, they may not be able to give you much. The two MP station numbers are just in case you need to call the PMOs [Provost Marshall Office] for additional information.

Exhibit 1, E mail traffic of WO1 Lacie M. Reyes (emphasis added). CPT Hall further provided the Point of Contacts for: (1) the Fort Shafter PMO Administrative section (Mr. Manolo B. Espiritu), (2) the Fort Shafter MPI [Military Police Investigator] Duty Phone, (3) the

4

Fort Shafter Military Police Station, and (4) the Schofield Barracks Military Police Station. Finally, she cc'd the detachment sergeant, Sheldon C. Fluerant.

22. Later that day, on September 24, 2024, and subsequently, on December 9 and December 10, 2024, WO1 Reyes contacted Mr. Espiritu, in his capacity at the Fort Shafter PMO Admin, requesting the initial police report to use in her custody dispute with Plaintiff Truss. Additionally, WO1 Reyes provided SFC Truss's Social Security Account Number to the Fort Shafter PMO. Exhibit 1.

23. On or about December 10, 2024, Mr. Espiritu, in his capacity as the PMO Admin Section/Police Admin for Schofield Barracks Police Station (Fort Shafter Police Station) PMO sent the unredacted initial police report to WO1 Reyes for her use in her custody dispute with Plaintiff Truss.  Mr. Espiritu noted in his e mail that "Resending this incase (sic) you weren't able to open it. **I received a PPI [personal protected information] warning."**  Exhibit 1 (emphasis added).

24. At no time prior to that transmission had any request been made under the Privacy Act or under the Freedom of Information Act by anyone for the Initial Police Report.

25. At no time have the Plaintiffs authorized the initial police report to be released.

26. On or about December 11, 2024, WO1 Reyes' attorney in the custody case, Ms. Shelly Dill, sent the Initial Police Report via email to SFC Truss's attorney, Mr. Jesse Feinsod, and to a mediator conducting a mediation to resolve the custody case.  This was the first time the Plaintiffs learned of the Privacy Act violation.

27. On April 30, 2025, at the custody hearing of SFC Truss and WO1 Reyes, Honorable Marcus Henson, Judge of the El Paso County Combined Court, took extensive

5

testimony from the officer who responded to the September 1, 2024 incident. WO1 Reyes would not have known the name of the investigating officer had she not illegally received an unredacted copy of the police report. Exhibit 2.

28. SFC Truss and MSG Moore contacted their representative, Congressman Ed Case, regarding the unlawful release of the police report to WO1 Reyes.

29. The congressman wrote the Army Installation Management Command about the incident and Colonel Rachel D. Sullivan, Commanding Officer, U.S. Army Installation Management Command, conceded that the initial report was unlawfully disclosed in violation of federal law. Exhibit 3.

### *Legal Claim*

### *Violation of 5 U.S.C. § 552a(g)(1)(D) – The actions of the United States Army violated the Privacy Act.*

1. The averments of the preceding paragraphs are incorporated herein.

2. The Privacy Act prohibits agencies from disclosing "any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).

3. The Act provides remedies when an agency violates its provisions, including that when an agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1)(D).

4. The Act provides certain exceptions to the prohibition, none of which are applicable in this instance. 5 U.S.C. § 552a(b)(1) through 552a(b)(12).

5. Privacy Act claims for monetary damages based on improper disclosure have four elements: 1) the disclosed information is a record contained within a system of records; 2) the agency improperly disclosed the information; 3) the disclosure was willful or intentional; and 4) the disclosure adversely affected the plaintiff. *Doe v. U.S. Department of Justice*, 660 F. Supp. 2d 31, 44–45 (D.D.C. 2009), citing *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1006 (D.C. Cir. 2009).

6. Here, the record at issue was a police report taken by military police officers at Fort Shafter in Hawaii. Military police reports are contained in System of Records Notice AO190-45 OPMG (CID), Criminal Investigation Command (CID) Information Management System Records (CIMS), satisfying the first element.[1]

7. Mr. Manolo B. Espiritu was a civilian employee of the Department of the Army and was serving as the Fort Shafter Provost Marshall Office administrative officer. On or about December 10, 2024, Mr. Espiritu provided an unredacted copy of the police report to WO1 Reyes. Mr. Espiritu was not authorized to do so and he never contacted either plaintiff, despite the requirements of the Privacy Act. Thus, the second element is satisfied.

8. Mr. Espiritu's release of the police report was willful and intentional. As noted in paragraph 24, he sent the document to WO1 Reyes twice, even after receiving an automated warning that he was releasing PPI. Thus, the third element is satisfied.

9. Plaintiffs have suffered adverse effects, including economic and non-economic damages from the illegal release of the police report. SFC Truss and MSG Moore have incurred legal fees of over $20,000 in the custody case with WO1 Reyes, who improperly received and

---

[1] *See* https://pclt.defense.gov/DIRECTORATES/Privacy-and-Civil-Liberties-Directorate/Privacy/SORNsIndex/Article/4012021/a0190-45-opmg-cid/.

used protected information. Additionally, SFC Moore has had to undergo therapy due to the stress involved in the custody dispute, knowing that her children's personal information has been permanently exposed and compromised, and the invasion of privacy caused by the release of a sensitive and private incident without her consent. This satisfies the fourth and final element.

### *Prayer for Relief*

WHEREFORE, Plaintiffs pray that judgment be entered:

(a) awarding them monetary damages for the unlawful release of records which caused them both severe injuries, pursuant to 5 U.S.C. § 552a(g)(1)(D);

(b) awarding reasonable attorney's fees and costs of this action in accordance with the Privacy Act, including but not limited to 5 U.S.C. § 552a(g)(2)(B) and 5 U.S.C. § 552a(g)(3)(B); and

(c) ordering such other and further relief as may, in the circumstances, be just and proper.

Dated: September 23, 2025                Respectfully submitted,

_____/s/_____
Dylan Thayer (DC Bar # 90015821)
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, SE, Ste 600
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135
Email: dthayer@militarydefense.com

_____/s/_____
David P. Sheldon (DC Bar #4346039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, SE, Ste 600
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135
Email: davidsheldon@militarydefense.com
*Attorneys for Plaintiff*